UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |
|---|---|
| ERICA T. BROOKS | ) |
| *Plaintiff*, | ) |
| v. | ) No. 1:05-CV-328 |
| INVISTA (KOCH INDUSTRIES) | ) Chief Judge Curtis L. Collier |
| *Defendant.* | ) |

## **MEMORANDUM**

Before the Court is Defendant Invista's ("Defendant") second motion for summary judgment, requesting summary judgment be granted as to Plaintiff Erica Brooks' ("Plaintiff") Title VII retaliatory discharge claim (Court File No. 34).[1] Plaintiff filed a response and brief in opposition to Defendant's motion (Court File Nos. 37, 38), and Defendant filed a reply to Plaintiff's response (Court File No. 39). For the following reasons, the Court will **GRANT** Defendant's motion for summary judgment and will **DISMISS** Plaintiff's Title VII retaliatory discharge claim.

### **I.     STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must

---

[1] Although this document is docketed as a memorandum in support of a motion for reconsideration, the Court granted Defendant's request to construe it as a motion for summary judgment (*See* Court File No. 36).

view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

The Court is familiar with this case since it ruled on Defendant's first motion for summary judgment just three weeks ago. The pertinent facts have not changed since the Court's ruling. Therefore, the Court will start by adopting its recitation of facts from the Memorandum issued in

conjunction with its Order granting Defendant's motion for summary judgment (Court File No. 28 at 3-7). Although the Court granted Defendant's motion for summary judgment, the Court stated Plaintiff's Title VII retaliatory discharge claim would proceed to trial since Defendant did not move for summary judgment on that claim.

Five days after the Court issued its Order, Defendant filed a motion for reconsideration, or in the alternative, for leave to file additional summary judgment pleadings on the issue of Title VII retaliatory discharge. The Court denied Defendant's request for reconsideration but granted Defendant leave to file additional summary judgment pleadings on the issue of Title VII retaliatory discharge. As requested by Defendant, the Court construed the memorandum filed in support of the motion for reconsideration as a motion for summary judgment and due to the approaching trial date, granted Plaintiff seven calendar days to respond to the motion. Plaintiff timely filed a response, and the motion is now ready for the Court's review.

### III. DISCUSSION

Defendant argues summary judgment on Plaintiff's Title VII retaliatory discharge claim should be granted because (1) no retaliatory discharge claim was made in Plaintiff's Tennessee Human Rights Commission ("THRC") Charge; (2) no Title VII retaliation allegations were made in Plaintiff's complaint; (3) Plaintiff's deposition testimony establishes no Title VII retaliatory discharge claim; (4) Defendant's motion for summary judgment moved to dismiss all claims, which would include Plaintiff's Title VII retaliatory discharge claim; and (5) retaliatory discharge under Title VII is unsubstantiated. Since argument number five can dispose of the claim, and to a certain degree encompasses Defendant's other arguments, argument number five is the only one the Court will discuss in detail. The Court will also address whether Defendant should be awarded attorneys'

fees for defending this action since the Court reserved ruling on this issue when it granted Defendant's first motion for summary judgment.

      A.      **Title VII Retaliatory Discharge Claim**

Because Plaintiff has not presented any direct evidence of retaliation, she must rely on circumstantial evidence to prove her retaliation claim. To establish a prima facie case of retaliation, Plaintiff must show (1) she engaged in protected activity under Title VII; (2) Defendant knew she engaged in the protected activity; (3) Defendant subsequently took an adverse, retaliatory action against Plaintiff; and (4) the protected activity and the adverse action were casually connected. *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004). Protected activity includes retaliation against an employee who has participated in any manner in an investigation under Title VII or who has opposed any practice by an employer made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). These are known as the participation clause and opposition clause, respectively. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000).

"The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). "Once a prima facie case is established, the burden of producing some non-discriminatory reason falls upon the defendant." *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir. 1997). "If the defendant demonstrates such, the plaintiff then assumes the burden of showing that the reasons given by the defendant were a pretext for retaliation." *Id*.

In her response to Defendant's motion, Plaintiff alleges Defendant "took retaliatory and adverse action against her for her claiming and discussing discrimination against her and answering the requests for information regarding other employees . . . ." (Court File No. 38, Plaintiff's Brief in Response to Retaliation Issues ("Pl.'s Brief") at 3). From this allegation, it appears Plaintiff is

making a claim under the opposition clause. Although Plaintiff alleges she was terminated in retaliation for discussing discrimination against her, the record does not reflect such a discussion took place. Indeed, the only discussions the record reveals are the discussions management had with Plaintiff regarding her comment about Gass' disability and Plaintiff's reporting of Gass' alleged time-card violations, an accusation which was proven to be unfounded. Because neither of these discussions involve activity protected by Title VII, Plaintiff cannot establish a prima facie case for Title VII retaliatory discharge.

Even if Plaintiff's claim could be interpreted as a claim made under the participation clause, it would still fail since participation in investigations regarding her comment with respect to Gass' disability and her allegations about Gass' alleged time-card violations does not constitute protected activity under Title VII. *See Warren v. Ohio Dept. of Public Safety*, 24 Fed.Appx. 259, 265 (6th Cir. 2001) (holding protected activity under the participation clause does not include participation in internal investigations); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (holding the participation clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC.").

Plaintiff's claim fails for one other reason—she never alleged retaliation as a cause of action in her THRC complaint. When a retaliation claim is based on conduct that occurred prior to the filing of the administrative charge, the plaintiff must allege retaliation in the administrative charge for the claim to remain viable. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991) (holding employee could not raise retaliation claim where the conduct occurred before the filing of the EEOC charge and the employee failed to check the retaliation box on the EEOC charge or refer to retaliation in the factual statement of the charge). Plaintiff's retaliation claim is based on

discussions that took place in February 2005. Plaintiff filed her employment discrimination complaint with the THRC on April 29, 2005 but did not check the box for retaliation as a basis for her claim and did not reference retaliation as a basis in her factual statement. Not only did Plaintiff fail to mention the existence of such a claim in her THRC charge, Plaintiff did not allege any facts in her complaint to support such a charge, and did not state during her deposition testimony that she believed she was retaliated against on the basis of protected activity under Title VII. As such, Plaintiff cannot now raise a retaliation claim, and the Court will **GRANT** Defendant's motion for summary judgment.

### B. Attorneys' Fees

In Defendant's first motion for summary judgment, it requested attorneys' fees under Title VII and the Tennessee Public Protection Act ("TPPA") for defending against this "frivolous" action. (*See* Court File No. 11, Defendant's Memorandum ("Defendant's Memo"), at 22). The Court reserved ruling since Defendant did not move for summary judgment on Plaintiff's claim of retaliation under Title VII, and under those circumstances it would be premature to decide if attorneys' fees were appropriate. *See Balmer v. HCA, Inc.*, 423 F.3d 606, 617 (6th Cir. 2005) (noting "it is an abuse of discretion to award attorneys' fees to a prevailing defendant where any part of the plaintiff's cause of action was not frivolous."). Since Defendant has now prevailed on summary judgment on Plaintiff's claim for retaliation under Title VII, it is now proper for the Court to consider whether Defendant should be awarded attorneys' fees. Plaintiff has not responded to Defendant's request. Since Title VII and the TPPA both have provisions providing for attorneys' fees, the Court will address each in turn.

### 1. Attorneys' Fees for Title VII Claims

6

Although Title VII gives the court the authority to award a reasonable attorneys' fee to a prevailing defendant-employer in a discrimination suit brought pursuant to Title VII, the standard for doing so is much higher than the standard for awarding attorneys' fees to a prevailing employee. *Balmer*, 423 F.3d at 615; *Tarter v. Raybuck*, 742 F.2d 977, 984 (6th Cir. 1984); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). An employer should be awarded fees where the plaintiff's claim was "frivolous, unreasonable, or without foundation," or where the plaintiff continued to litigate after it became clear that her claim was "frivolous, unreasonable, or without foundation." *Balmer*, 423 F.3d at 615. "Courts should not conclude a claim was groundless just because it was ultimately unsuccessful." *Id*.

To determine if attorneys' fees should be awarded, courts should consider (1) whether the evidence presented by plaintiff was sufficient to establish a prima facie case; (2) whether the defendant offered to settle the case; and (3) whether the case was dismissed prior to trial. *Id*. at 615-16. "Attorneys' fees should be awarded only in the most egregious of circumstances." *Id*. at 616. Furthermore, if the plaintiff has asserted at least one non-frivolous claim, then attorneys' fees may not be awarded. *Id*. at 617; *Tarter*, 742 F.2d at 987-88.

After considering all of the factors listed above, the Court concludes all of Plaintiff's claims were frivolous, unreasonable, and unfounded. Plaintiff made admissions during her deposition that were fatal to all of her claims under Title VII. Plaintiff admitted Defendant never hired anyone to replace her, and her husband assumed her duties when she left. Plaintiff also admitted she knew of no one who was similarly situated and was not fired. These two admissions proved Plaintiff did not have any evidence to establish an element of her prima facie case for race discrimination. Plaintiff also admitted she was never subjected to any racial comments and did not believe she worked in a

7

hostile work environment. These admissions proved Plaintiff had no basis for bringing a hostile work environment claim. Even if Plaintiff did not know her claims were frivolous or unfounded prior to the taking of her deposition, once she made these admissions and Defendant filed its motion for summary judgment, it was clear these claims were frivolous, unreasonable and unfounded. Yet, Plaintiff still pursued the lawsuit and attempted to file a response to the motion for summary judgment, although the response was not considered by the Court since it was untimely filed.

For similar reasons, Plaintiff's claims for retaliation under Title VII and the TPPA were also frivolous. Once Plaintiff made the above admissions, it was clear Plaintiff had no basis for her Title VII retaliatory discharge claim, for it is impossible for Plaintiff to have opposed any practice by Defendant that was unlawful under Title VII when her admissions proved no unlawful practices occurred. Likewise, it would have been impossible to have been retaliated against for participating in activities which occurred in conjunction with the filing of her administrative charge since she did not file the charge until two months after she had already been terminated. Similarly, Plaintiff brought a retaliation claim under the TPPA, even though it would have been impossible to succeed on such a claim because no illegal activity existed. Even if Plaintiff believed committing time-card violations constituted illegal activity as defined by the TPPA, once she learned Gass had not committed time-card violations, it became clear no illegal activity existed.[2] Yet, Plaintiff continued to pursue this claim as well. Since all of Plaintiff's claims were frivolous, unreasonable, and without

---

[2] The Court is not certain if Defendant, at the end of its investigation of Plaintiff's allegations against Gass, informed Plaintiff her allegations were unfounded, i.e., Gass had not committed time-card violations. However, after Defendant filed Joe Perry's declaration, Plaintiff became aware no time-card violations had occurred, which in turn meant no illegal activity existed. Yet, Plaintiff still attempted to pursue this claim by filing a response to Defendant's motion arguing it should be overruled. Even in Plaintiff's response to the present motion before the Court, Plaintiff continued to argue illegal activity existed when it clearly did not.

8

foundation, the Court will **GRANT** Defendant's motion for attorneys' fees and costs in defending Plaintiff's Title VII claims and will **REFER** this matter to the magistrate judge for a determination of the amount of attorneys' fees.

### 2. Attorneys' Fees for the TPPA Claim

A person cannot use the TPPA to bring a frivolous lawsuit, and anyone who does so is subject to sanctions as follows:

> If any employee files a cause of action for retaliatory discharge for any improper purpose, such as to harass or to cause needless increase in costs to the employer, the court, upon motion or upon its own initiative, shall impose upon the employee an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred, including reasonable attorney's fee.

Tenn. Code Ann. § 50-1-304(f)(2) (2006). It is clear from this statute if a frivolous claim is brought, a reasonable attorneys' fee can be awarded only if suit was brought for an improper purpose. Although the Court is certain Plaintiff's claim for retaliation under the TPPA was frivolous, the Court has not been presented with any proof Plaintiff brought this claim for an improper purpose. Absent such proof, Defendant is not entitled to attorneys' fees for defending this claim, and the Court will **DENY** Defendant's request.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court finds Plaintiff has failed to create a genuine dispute of material fact with respect to her Title VII retaliatory discharge claim. As a result, the Court will **GRANT** Defendant's motion for summary judgment. Moreover, since the Court finds all of Plaintiff's claims were frivolous, the Court will **GRANT** Defendant's motion for attorneys' fees in defending Plaintiff's Title VII claims and will **REFER** this matter to the magistrate judge for a

determination of the amount of attorneys' fees.  However, because there is no proof Plaintiff brought her TPPA retaliatory discharge claim for an improper purpose, Defendant is not entitled to attorneys' fees in defending that claim.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**