UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ERICA T. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:05-CV-328 |
| ) | |
| INVISTA (KOCH INDUSTRIES), ) | Chief Judge Curtis L. Collier |
| ) | |
| Defendant. ) | |

# **M E M O R A N D U M**

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Erica Brooks ("Plaintiff") initiated this action on November 22, 2005, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-2000(e)-17 (Court File No. 1). Invista Industries ("Defendant") moved for summary judgment on December 1, 2006 (Court File No. 10). Plaintiff responded to Defendant's motion on January 4, 2007 and submitted a brief on January 9, 2007 (Court File Nos. 14, 20). The Court granted Defendant's motion for summary judgment on February 7, 2007, but reserved ruling on attorney's fees and Plaintiff's remaining Title VII retaliation claim (Court File No. 29). Defendant moved for reconsideration or leave to file summary judgment in regard to Plaintiff's retaliation claim on February 12, 2007 (Court File No. 33). Plaintiff filed a response in opposition on February 19, 2007 (Court File No. 37). This Court granted the motion of Defendant, dismissed the remaining retaliation claim, awarded Defendant attorney's fees in defending Plaintiff's Title VII claims, denied Defendant attorney's fees in defending Plaintiff's Tennessee Public Protection Act ("TPPA") retaliation claim, and referred the determination of the amount of attorney's fees to the magistrate judge for a report and

recommendation ("R & R") (Court File No. 41).

Defendant filed a bill of costs and supporting affidavit (Court File Nos. 46, 47). Plaintiff filed objections to the bill of costs (Court File Nos. 56, 59). Defendant responded to Plaintiff's objections (Court File No 61). The magistrate judge issued her R & R on June 15, 2007 (Court File No. 63). Plaintiff promptly filed objections to that report (Court File No. 64). Defendant has filed a response to Plaintiff's objections (Court File No. 65). As all objections and responses have now been filed this matter is now ripe for decision.

For the following reasons, the Court will **DENY IN PART** Plaintiff's objections and **ACCEPT IN PART** the magistrate judge's Report and Recommendation.

## II.     STANDARD OF REVIEW

This Court conducts a de novo review of the portions of the R & R to which objections are made, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court's standard of review is the same as the magistrate judge's, but a party's general objections are not sufficient to challenge a magistrate judge's findings. *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991). "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrates report." *Id.* A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition. *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006) (internal citations omitted). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

The Supreme Court has established the basis of a fee award is the proven number of hours reasonably expended multiplied by a reasonable hourly rate, commonly called the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Geier v. Sundquist*, 372 F.3d 784 (6th Cir. 2004); *Adcock-Ladd v. Secretary of the Treasurery*, 227 F.3d 343, 349 (6th Cir. 2000); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case-by-case basis. *Hensley*, 461 U.S. at 429. Counsel is expected to exercise "billing judgment" in seeking an award of fees. *Id*. at 434.

The fee applicant bears the burden of proving a reasonable fee. *Hensley*, 461 U.S. at 433; *Reed*, 179 F.3d at 472. The applicant should document the fees requested, and, where they have not, the district court may reduce the award accordingly. *Reed*, 179 F.3d at 472. "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for attorneys." *Geier*, 372 F.3d 791 (quoting *Reed*, 179 F.3d at 471).

The district court must consider the prevailing market rate in the relevant community for the same type of work at issue to determine the appropriate hourly rate. *Adcock-Ladd*, 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction or venue. *Adcock-Ladd*, 227 F.3d at 350; *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The "prevailing market rate" is the rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community. *Id*. That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986); see also *Adcock-Ladd*, 227 F.3d at 349. "Such fees are different from the prices charged well-to-do clients

3

by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 804 F.2d at 149; see also *Reed*, 179 F.3d at 472 (same); *Hudson*, 130 F.3d at 1208 (same)

The Supreme Court has held reasonable attorney's fees provided by statute include compensation for the work of paralegals and law clerks, and they should be compensated at the rates at which their services are billed to clients. *Missouri v. Jenkins*, 491 U.S. 274 (1989).

Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Hensley*, 461 U.S. at 430 434. The United States Court of Appeals for the Sixth Circuit has held that "the district court must not only articulate findings of fact and conclusions of law regarding the inclusion of hours amounting to the fee awarded, but those regarding the exclusion of hours as well." *Glass v. Sec'y of Health & Human Services*, 822 F.2d 19, 22 (6th Cir. 1987).

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. Other considerations may lead the district court to adjust the fee. For example, the court may consider the degree of success obtained. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). Likewise, a plaintiff's ability to pay and financial resources may be taken into account under certain circumstances. Where the fee applicant is a defendant as opposed to a plaintiff, as is the case here, the court may consider the plaintiff's ability to pay in determining the proper amount of the attorney's fees award. *Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) ("a nonprevailing plaintiff's ability to pay may be used as a factor to determine the size of the award, but not whether an award is appropriate in the first place."). See also *Toliver v. County of Sullivan*, 957 F.2d 47,

49-50 (2d Cir. 1992); *Kraeger v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985).

III.  **PLAINTIFF'S OBJECTIONS**

Plaintiff raises five objections[1] to the magistrate judge's R & R (Court File No. 64 at 2-3). Plaintiff lists five objections in her motion, but duplicates an objection to the excessive billing rate (Court File No. 64 ¶ 2, 4). Therefore, the Court shall only consider the four distinct objections raised by Plaintiff. The Court shall consider each objection in turn.

  A.  **Plaintiff Objects to the Inclusion of Any Fees for Work after February 9, 2007**

Plaintiff objects to any fees charged after February 9, 2007. Plaintiff does so because the Court only granted attorney's fees to Defendant for the defense of Plaintiff's Title VII claims and not for Plaintiff's TPPA retaliation claim (Court File No. 41). On February 7, this Court granted summary judgment as to Plaintiff's Title VII claim[2], but did not grant summary judgment on Plaintiff's Title VII retaliation claim (Court File No. 29). Therefore, Plaintiff argues that the only claim to survive this Court's order is Plaintiff's retaliatory discharge claim for which Defendant cannot recover attorney's fees (Court File No. 64 ¶ 1).

The Court does not agree with Plaintiff's reasoning. After this Court's ruling of February

---

[1] The Court notes Plaintiff "expressly incorporates and restates her prior filed objections to the fees claimed and proposed in the R & R." (Court File No. 64 at 2). But, absent specific allegation of Plaintiff the Court will not go through the record and determine which objections were accommodated before the Magistrate and which remain unaddressed.

[2] The order was filed with the Clerks office on February 7, but entered into the docket on February 9, 2007. The effective date is the date the order is filed and not the date the order was docketed.

7, 2007 the only claim remaining was Plaintiff's Title VII retaliatory discharge claim (Court File No. 29). The only claim for which Defendant was not granted attorney's fees is Plaintiff's TPPA retaliatory discharge claim (Court File No. 41). The order grants Defendant's motion for attorney's fees in defending Plaintiff's Title VII claims (*Id.*). Since a Title VII retaliatory discharge claim requires proof Plaintiff engaged in protected activity under Title VII and the claim exists to protect those rights secured by Title VII, it is a Title VII claim. Plaintiff cites no support for the argument Title VII retaliation claims are not 'Title VII claims' because they merely touch and concern Title VII (Court File No. 64 at 2). In the absence of any reason to disagree with the magistrate judge this Court will **ACCEPT** the magistrates recommendation and will **REJECT** Plaintiff's objection.

### B. The Rate of Compensation Is Excessive

Defendant claims the rate of compensation is excessive and magistrate erred by not using the estimate of Phillip Noblett (Court File No. 63 at 3). The magistrate judge addressed this concern noting: "Mr. Norblett did not state the rate billed by Defendant's counsel was excessive, although it is apparently more than he charges and more than the rates he believes are normal in the local area for this type of work." (Court File No. 64 at 9). The magistrate judge then considered previous awards in the district and reduced Defendant's requests by 10% to bring the awards in line with those previous awards (*Id.* at 10). Defendant's affiant, Mr. Norblett, states "the prevailing rate of compensation in these cases . . . ranges from $175 to $200." (Court File No. 56, Ex. 1 at 1). Defendant's attorneys charged an average rate of $255.00 (Court File No. 63 at 10). The magistrate judge reduced the fees Defendant requested by 10%, this resulted in $229.50 as the average rate (*Id.*). The reduced rate is between the minimum asked for by Defendant and the maximum the Plaintiff asserts is the prevailing rate. Plaintiff has advanced no specific evidence or argument for

6

why this rate is not a reasonable estimate of the fees that would motivate a competent attorney to represent Defendant. Defendant is entitled and Plaintiff is obligated to pay the fee sufficient to motivate a competent attorney to represent Defendant. This Court will adopt the findings of the magistrate judge and hold that $239.50 is a reasonable estimate of the amount which a competent attorney would charge to represent a defendant in this type of case. In the absence of any reason to disagree with the magistrate this court will **ACCEPT** the magistrate judge's recommendation and shall **REJECT** Plaintiff's objection.

    **C.**    **Plaintiff Has No Ability to Pay.**

The magistrate did not address this issue because Plaintiff had submitted no information about the issue to the Court (Court File No. 63 at 11). Plaintiff has filed new evidence on this issue which was not before the magistrate judge (Court File No. 64, Ex. 1, 2). The question is whether a lesser amount than currently assessed against the Plaintiff can satisfy the deterrent purpose of the statute. *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1029 (2nd Cir. 1979). Insolvency is not a proper consideration in deciding whether to award attorney's fees, but is a proper factor to consider in deciding the amount of the attorney's fees to be awarded. *Wolfe*, 412 F.3d at 724. Since Defendant presented new evidence before this Court, this Court **REFERS** this question to the magistrate judge for consideration as to whether the award should be decreased because of Plaintiff's inability to pay.

Defendant also argues, for the first time, Plaintiff's counsel is liable for some or all of the excessive costs under 28 U.S.C. § 1927, however this Court is merely reviewing the magistrate judge's decision and will not entertain alternate cost shifting theories at this time.

    **D.**    **The Total Number of Hours Alleged to Have Been Spent on the Defense Is Grossly Excessive and Obscene**

7

Plaintiff does not support her argument that Defendant spent a grossly excessive amount of time upon the case. Plaintiff merely refers to the number of hours as "grossly excessive and obscene" without reference to any evidence or argument for why the hours are obscene (Court File No. 64 at 3-4). Plaintiff does reference the small amount of discovery required in the present case, but Plaintiff does not explain how much time a competent attorney would reasonably spend on this case. In the absence of any specific argument as to why the magistrate judge is wrong this Court will **ACCEPT** the magistrates judge's finding that the number of hours is not grossly excessive and obscene and so **REJECTS** Plaintiff's objection.

### III. CONCLUSION

The Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, and conclusions of law. The question of whether the fees should be decreased to reflect Plaintiff's ability to pay is **REFERRED** to the magistrate judge for a report and recommendation.

An order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**